```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
```

TRAVIS PERRY,

        Plaintiff,                **MEMORANDUM & ORDER**
                                          21-CV-141(EK)(LB)

   -against-

WELLS FARGO BANK HOME MORTGAGE,

        Defendant.

```
-------------------------------X
```
ERIC KOMITEE, United States District Judge:

      Plaintiff Travis Perry brings this action *pro se* against Wells Fargo Bank Home Mortgage in connection with an allegedly predatory mortgage loan. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order. For the reasons that follow, however, the complaint is dismissed with leave to replead within thirty days.

## I. Background

      To commence this action, Plaintiff used a form complaint provided by the Eastern District of New York's *pro se* office. In response to prompts on the form, however, Plaintiff provided very little information about his claims. Although he checked the boxes for both federal question jurisdiction and diversity of citizenship jurisdiction, it is not clear under what laws Plaintiff is suing. He alleges only that "federal banking laws" give rise to federal question jurisdiction, and

that these laws "include[] predatory lending, fraud, misrepresentation of mortgage, other statuues [sic]."  The complaint also contains almost no facts.  In the section that asks for a short and plain statement of the claim, Plaintiff says only "reserve for newly discovered evidence."  A few facts can be gleaned from other parts of the pleading:  Plaintiff alleges in respect of the amount in controversy that "the predatory loan exceeds $240,000," and the relief he seeks is "discharge of [a] mortgage."  I note for context that in his IFP application, Plaintiff states that his house is in foreclosure.

## II.  Discussion

Where, as here, a Plaintiff is proceeding *in forma pauperis*, the district court is obligated to screen the complaint and dismiss the action if, among other things, it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  *Pro se* complaints should be liberally construed and are held to less stringent standards than pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief."  *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).  A complaint states a plausible claim for relief "when the plaintiff pleads factual content," accepted as true, "that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) "sets out a minimum standard for the sufficiency of pleadings." *Gonzalez v. Doe*, No. 18-CV-4365, 2018 WL 3998964, at *2 (E.D.N.Y. Aug. 21, 2018). It requires that the complaint include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8(a) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" rather than factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In addition, to the extent that the Plaintiff brings fraud claims, those must be stated "with particularity" pursuant to Federal Rule of Civil Procedure 9(b).

The instant complaint does not adhere to Rule 8(a). Plaintiff mentions a "predatory loan" and requests "discharge of

3

[a] mortgage," but he does not include any factual allegations explaining his claim, including any facts related to Defendant's conduct and how it harmed the Plaintiff.[1]  In addition, it is unclear under what laws Plaintiff is suing.  The complaint states only that it is brought under "federal banking laws, include[ing] predatory lending, fraud, misrepresentation of mortgage, other statutues [sic]."  Plaintiff has therefore not provided a "a short and plain statement of the grounds for the court's jurisdiction."  Accordingly, the complaint does not contain sufficient factual allegations to state a plausible claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).

However, because a liberal reading of the complaint "gives [an] indication that a valid claim might be stated," the Court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Plaintiff may file an amended complaint that complies with Rule 8(a) of the Federal

---

[1] Although not alleged in the complaint, Plaintiff's IFP application states that his house is in foreclosure.  The Court notes that under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court cannot interfere in a state-court foreclosure proceeding pursuant to the "abstention doctrine."  *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court.").  In addition, the Court also cannot overturn a judgment of foreclosure that has already been issued in state court under the "*Rooker-Feldman*" doctrine.  *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine precludes federal actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Rules of Civil Procedure within thirty days of the date of this Order.

### III. Conclusion

For the reasons set forth above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiff shall have thirty days leave to file an amended complaint.  Plaintiff is directed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include specific factual details.  Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.  If the Plaintiff fails to file an amended complaint within thirty days as directed by this Order, judgment dismissing the complaint shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of

an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

   SO ORDERED.

               _/s Eric Komitee_____
               ERIC KOMITEE
               United States District Judge

Dated:  January 28, 2021
     Brooklyn, New York